**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

JOSEPH TYLER MCDONALD,

               Defendant.

No. CR14-3012-MWB

**ORDER REGARDING
DEFENDANT'S *PRO SE* MOTION
FOR RETURN OF PROPERTY**

---

## I.  *INTRODUCTION AND BACKGROUND*

This case is before me on defendant Joseph Tyler McDonald's *pro se* motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) (docket no. 94). Specifically, McDonald requests the return of his three cell phones. The prosecution has filed a timely response to McDonald's motion. The prosecution contends that because "potential post-conviction time frames have not run," it "needs to retain all potential evidence in the case until it is final." Plaintiff's Resp. at ¶ 2. The prosecution also represents that "a substantial portion of the non-drug evidence obtained during the investigation of this case has already been returned to defendant's mother pursuant to a previous request by and arrangement with defendant."[1] Plaintiff's Resp. at ¶ 3. Finally,

---

[1]The prosecution has submitted McDonald's authorization for his mother, Linda McDonald, to receive his property and a "Property Control Transfer Receipt" indicating that the following property has been turned over to Linda McDonald:

the prosecution argues that, because McDonald's cell phones "contain drug related text messages (including regarding potential target(s))," the phones are currently being held as evidence in an ongoing investigation." Plaintiff's Resp. at ¶ 4. Thus, the prosecution requests that I deny McDonald's *pro se* motion at this time. McDonald has not filed a reply to the prosecution's response.

## II.    LEGAL ANALYSIS

Federal Rule of Criminal Procedure Rule 41(g) states, in part, that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." FED. R. CRIM. P. 41(g). The court in which a defendant has been tried has ancillary jurisdiction to decide the defendant's post trial motion for the return of seized property. *See Thompson v. Covington*, 47 F.3d 974, 974–75 (8th Cir. 1995); *Soviero v. United States*, 967 F.2d 791, 792 (2d. Cir. 1992). If the criminal proceedings against the defendant have terminated, as here, such a motion should be treated as a civil

---

1.   one black mp3 player (I-pod type device)

2.   social security card for Joe McDonald

3.   Citizens Community Credit Union member card (McDonald's name on card)

4.   DHS medical card for Joe McDonald

5.   Food Stamp card for Joe McDonald

6.   Two (2) Visa Global cash cards for McDonald

7.   Three (3) Iowa drives' license [sic] for McDonald one(1) is paper ID

Property Control Transfer Receipt at 1. McDonald has not disputed that this property was turned over to his mother.

complaint for equitable relief. *See Rufu v. United States*, 20 F.3d 63 (2d. Cir. 1994); *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d. Cir. 1992).

A court may deny a motion for the return of property under Rule 41(g) where the prosecution has provided a legitimate reason to require continued possession of the seized property. *See United States v. Comprehensive Drug Testing, Inc.,* 513 F.3d 1085, 1112-13 (9th Cir. 2008) (holding that "an order to return property under Rule 41(g) is inappropriate where 'the government's need for the property as evidence continues.'") (quoting *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996); s*ee also United States v. Price*, No. 10–60243–CR, 2011 WL 2651802, at *1 (S.D. Fla. Jul.7, 2011). The Advisory Committee Notes accompanying the 1989 amendments to what is now Rule 41(g) provide that "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property is generally reasonable. But if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." *Price*, No. 10–60243–CR, 2011 WL 2651802, at *1 (quoting Fed. R. Crim. P. 41(g), Advisory Committee Notes to 1989 Amendments of Rule 41(e)). Here, the prosecution indicates that the seized cell phone may still be of evidentiary value to an ongoing investigation. Accordingly, I find that the prosecution has demonstrated a legitimate interest in retaining McDonald's cell phone. *See Church of St. Matthew v. United States*, 845 F.2d 418 (2d Cir.1988) (holding that 15 month grand jury proceeding and retention of documents held not to be an unreasonable amount of time). Thus, McDonald's *pro se* motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) is denied without prejudice to its renewal.

**IT IS SO ORDERED**.

**DATED** this 27th day of October, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA